IN THE MATTER OF VAN ZANT

WAYNE COUNTY v VAN ZANT

Docket No. 57095. Submitted April 10, 1981, at Lansing.—Decided July 6, 1983.

The respondent, Lorenzo Van Zant, was determined to be a mentally ill person following a hearing in the Wayne County Probate Court and was ordered to submit to treatment for 60 days. He appealed to the Wayne Circuit Court which affirmed that order, John D. O'Hair, J. Respondent then appealed to the Court of Appeals which dismissed the matter in an unpublished per curiam opinion on July 28, 1980. Docket No. 44259. The Court held that the matter was moot since respondent had already been discharged and that the statutory requirement that a hearing be held "in no case more than 7 days" after the filing of a petition and medical certificates was mandatory. Thereafter, the Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for further consideration, holding that the appeal was not moot. 411 Mich 859 (1981). On remand, held:

1. The failure to hold a hearing within seven days after the filing of the petition and medical certificates requires the setting aside of the probate court's order and the circuit court's order affirming same. The probate court did not have the authority to set the hearing beyond the seven-day period.

2. The Court of Appeals noted that it does not equate civil commitment with a criminal conviction.

3. Respondent did not voluntarily waive his right to a jury trial since he was forced to choose between an additional 24 days of confinement and the waiver of a jury trial.

4. The probate court rule providing that continuances are to be allowed only for good cause does not affect the statutory absolute seven-day deadline for a hearing regarding the invol-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3-5] 41 Am Jur 2d, Incompetent Persons § 40.
[2] 41 Am Jur 2d, Incompetent Persons § 33.
[3, 4] 41 Am Jur 2d, Incompetent Persons § 41.5.
[5] 41 Am Jur 2d, Incompetent Persons § 11.

untary commitment of a mentally ill person and where a respondent demands that his hearing be conducted as a jury trial a continuance may be granted pursuant to the probate court rule pertaining thereto, however, the jury trial must be held within the absolute seven-day deadline provided in the statute.

5. The evidence produced at trial was patently insufficient to support a finding that respondent was a person requiring treatment.

Reversed.

BASHARA, J., dissented and noted that strict adherence to the seven-day rule equates a person who is sick with one whose rights under the criminal code might be violated. He believes that the interests of those persons allegedly in need of help must be balanced against putative violations of their rights. He would require a hearing within a reasonable length of time instead of the strict seven-day rule. He would affirm.

### OPINION OF THE COURT

1. MENTAL HEALTH — INVOLUNTARY COMMITMENT.

The statute regarding involuntary commitment hearings mandates that a hearing be held "in no case more than 7 days" after the filing of a petition and medical certificates; a court has no authority to set a hearing date more than 7 days after the date on which the petition and certificates are received (MCL 330.1452; MSA 14.800[452]).

2. MENTAL HEALTH — CIVIL COMMITMENT.

The civil commitment of a mentally ill person should not be equated with the conviction of a criminal defendant.

3. MENTAL HEALTH — INVOLUNTARY COMMITMENT — HEARINGS — JURY TRIAL — WAIVER.

The subject of a petition for involuntary commitment has a statutory right to a jury trial regarding such commitment; such right may be waived, however, a waiver is not voluntary where the respondent is forced to choose between additional days of confinement and the waiver of a jury (MCL 330.1458; MSA 14.800[458]).

4. MENTAL HEALTH — INVOLUNTARY COMMITMENT — HEARINGS — JURY TRIAL — CONTINUANCES — PROBATE COURT RULES.

The probate court rule providing that continuances are to be allowed only for good cause does not affect the statutory absolute seven-day deadline for a hearing regarding the involuntary

commitment of a mentally ill person and where a respondent demands that his hearing be conducted as a jury trial a continuance may be granted pursuant to the probate court rule pertaining thereto, however, the jury trial must be held within the absolute seven-day deadline provided in the statute (MCL 330.1452; MSA 14.800[452]; PCR 735, 740.2).

DISSENT BY BASHARA, J.

5. MENTAL HEALTH — INVOLUNTARY COMMITMENT — HEARINGS.

*The interests of those persons allegedly in need of treatment must be balanced against putative violations of their rights when determining whether noncompliance with the seven-day requirement for a hearing on a petition for involuntary commitment requires dismissal of an action; where such a hearing is not held within a reasonable length of time, dismissal should be forthcoming (MCL 330.1452; MSA 14.800[452]).*

*George H. Cross,* Corporation Counsel, and *Mary S. Rowan,* Assistant Corporation Counsel, for Wayne County.

*Frederick L. Miller,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN and BASHARA, JJ.

D. E. HOLBROOK, JR., P.J. The respondent in this matter was originally determined to be a mentally ill person by the Wayne County Probate Court and ordered to submit to treatment for 60 days. The respondent appealed to the Wayne County Circuit Court which affirmed the probate court's order. Thereafter, respondent appealed to this Court and on July 28, 1980, we dismissed the appeal in an unpublished per curiam opinion holding that the matter was moot since respondent had been discharged by the time the matter was heard. We additionally held that MCL 330.1452; MSA 14.800(452), which requires a hearing "in no case more than 7 days" after the filing of a petition and medical certificates, was mandatory. Thereafter,

on April 1, 1981, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for further consideration because "the appeal is not moot". 411 Mich 859 (1981).

Initially we turn to respondent's contention that the probate court erred by refusing to dismiss the petition to have respondent involuntarily committed because a hearing, pursuant to MCL 330.1452; MSA 14.800(452), was not held within the required seven days of the filing of the petition and certificates. Respondent's hearing was not held until 15 days after the filing of said documents.

The statute in issue presently reads in part as follows:

"The court shall fix a date for every hearing convened pursuant to this chapter. The hearing shall be convened promptly, but in no case more than 7 days after the court's receipt of any of the following:

"(a) An application for hospitalization which shall serve as a petition for a determination that an individual is a person requiring treatment, a certificate executed by a physician, and a certificate executed by a psychiatrist.

"(b) A petition for a determination that an individual is a person requiring treatment, a certificate executed by a physician, and a certificate executed by a psychiatrist."

A review of the statutory changes pointed out in respondent's brief, and a reading of the present language in said statute, leads us to the conclusion that said statute mandates a hearing "in no case more than 7 days" after the filing of the petition and medical certificates.

Moreover, we hold that the failure to meet the seven-day requirement requires that we set aside the probate court's order and the circuit court's order affirming same. The section of the Mental

Health Code which authorizes the probate court to hear involuntary commitment hearings is § 452. As quoted above it states, "The court shall fix a date * * * in no case more than 7 days * * *". The language of the statute indicates that the probate court was *without authority* to set a date which was more than seven days after the date on which the petition and certificates were received. We do not equate civil commitment with a criminal conviction and thereby dismiss appellee's arguments to the contrary as without merit.

Even though the foregoing is dispositive of this appeal, we will briefly discuss respondent's remaining allegations of error.

On the date set for trial the probate court informed the respondent that if he wanted a jury trial he would have to wait 24 days. Respondent, having a statutory right to a jury trial in an involuntary commitment hearing, MCL 330.1458; MSA 14.800(458), waived this right. Respondent claims on appeal that his waiver of his right to a jury trial was not voluntarily made because he was forced to choose between an additional 24 days of confinement and the waiver of a jury trial. We agree. The dilemma posed by the probate court clearly chilled the respondent's right to exercise his statutory right to a jury trial.

The probate court relied on PCR 735 which allows continuances for good cause shown; a crowded docket herein. PCR 735, however, must be read in conjunction with PCR 740.2 which provides:

"The respondent may demand a jury trial any time before testimony is received at the hearing for which the jury is sought. When the demand is made less than 7 days before the date set for the hearing, the court

may grant a continuance not to exceed 7 days from the receipt of the demand."

A court rule providing that continuances are to be allowed *only* for good cause does not provide that an absolute deadline for a hearing may be ignored. If the court rules are interpreted consistently, PCR 735 allows continuances only for good causes and only within the seven-day period within which the hearing must be held.

Finally, respondent claims there was insufficient evidence to support the probate court's finding that respondent was a person in need of treatment. We agree. We hold that the evidence produced at trial was patently insufficient to support a finding that respondent was a "person requiring treatment" as defined in MCL 330.1401; MSA 14.800(401).

Reversed.

V. J. BRENNAN, J., concurred.

BASHARA, J. *(dissenting)*. I respectfully dissent from the majority opinion in this cause.

MCL 330.1452; MSA 14.800(452) provides that a hearing shall be convened promptly, but in no case more than seven days after the court's receipt of an application for hospitalization or a petition to determine that an individual is a person requiring treatment. The application or petition must be supported by certificates executed by a physician and by a psychiatrist. Thus, to hold that the seven-day requirement requires the setting aside of the probate court's order because the hearing was not held until 15 days after the filing of said documents, resulting in a dismissal of the matter, appears to be unnecessary and even antagonistic to the patient and family involved.

The majority opinion indicates that civil commitments and criminal convictions are not to be equated, and I quite agree. In this case, recognized psychiatrists have certified that the individual required treatment. We should take into consideration the fact that the statutory process by which the individual may be hospitalized has been made so difficult for the alleged mentally ill person and his or her family that to dismiss the petition on such strict adherence to the rule does, in fact, equate the person who is sick with one whose rights under the criminal code might be violated. The interests of those persons allegedly in need of help must be balanced against putative violations of their rights.

It is clear that if a hearing is not held within a reasonable length of time dismissal of the action should be forthcoming, but to say that if the hearing is not held within seven days the matter should be dismissed would, in my opinion, exacerbate the already existing problem. Unlike the accused criminal, the individual in such a proceeding is ill and requires treatment. The courts and the public should, in these instances, come down on the side of the person requiring treatment rather than refuse needed aid on the basis of a quasi-criminal law theory.