# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 10, 2005

127699-702

IN RE FORFEITURE OF BAIL BONDS.
_____/

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GREGORY LYNN MOORE, WILLIAM
FRANCIS LINEMAN, EDUARDO VELEZ,
JR., and RONALD ALLAN SHEPARD,
      Defendants,

and

BOND BONDING AGENCY,
      Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 127699-702
COA: 257871, 259048, 259049,
  and 259050
Kent CC: 00-011694-FH,
  01-004866-FH, 02-006586-FH,
  and 02-012595-FC

On order of the Court, the application for leave to appeal the November 30, 2004 orders of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.

MARKMAN, J., concurs and states as follows:

I concur in the decision to remand this case to the Court of Appeals for consideration as on leave granted. I write separately only to offer additional guidance to that court.

MCL 765.28(1) was amended on April 1, 2003, and provides, in pertinent part:

After the default is entered, the court . . . *shall* give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety's last known business address. [Emphasis added.]

The Legislature's use of the word "shall" in a statute "indicates a mandatory and imperative directive." *Burton v Reed City Hosp Corp*, 471 Mich 745, 752 (2005). Here, defendant Shepard failed to appear for sentencing on September 9, 2003. Thus, the mandatory language of the amended statute applied to his case. Yet the trial court did not provide notice to the surety until March 16, 2004—well after the required seven-day notice period had elapsed. The trial court reduced the amount to be forfeited from $20,000 (the original amount of the bond) to $18,400 as a proportional reduction in response to its delay.

On remand, the Court of Appeals should consider the statute, and whether the trial court's decision to simply reduce the amount forfeited under the bond fully comports with the requirements of the statute.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 10, 2005

Clerk

d1107