# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 10, 2005

126706-7

RICHARD V. STOKAN,
        Plaintiff-Appellee,

v

HURON COUNTY,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126706-7
COA: 242645; 243489
Huron CC: 99-000732-CK

On October 19, 2005, the Court heard oral argument on the application for leave to appeal the July 8, 2004 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reasons stated in the dissenting opinion in the Court of Appeals, and we REMAND this case to the Huron Circuit Court for entry of judgment in favor of defendant and for reconsideration of the mediation sanctions issue.

KELLY, J. dissents and states as follows:

Plaintiff, a former Huron County sheriff, qualified for retirement benefits from the defendant county. But the county refused to provide him retirement health care benefits because he was not actively under the county's health care plan on the date that he retired.

Eligibility for retirement health care benefits is set forth in the county's Resolution 23-83. Both the trial court and the Court of Appeals majority found that the resolution entitled plaintiff to health care benefits upon retirement. I agree.

Plaintiff was a Huron County elected official when Resolution 23-83 took effect. The resolution was enacted as an incentive for him and other county employees to forgo salary increases. Under it, a county employee becomes eligible for the county's health care benefits once the county has employed him or her the requisite number of years. However, the benefits are not available until an employee retires.

The majority on this Court reads the resolution to grant health care benefits only to those retirees who were actively in the health care plan at the time of their retirement. But the resolution does not clearly state that retirees like plaintiff who were not county employees at the time of retirement are ineligible for health care benefits upon retirement.

This Court should not read into Resolution 23-83 an intent to strip plaintiff and other retirees who are similarly situated of their health care benefits. Like current employees who are retiring, they took reduced salaries in return for the promise of health care benefits upon retirement. Resolution 23-83 can and should be read to provide them their promised health care benefits.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 10, 2005

_Corbin R. Davis_
Clerk

p1107