PEOPLE v SMITH

Docket No. 163746. Submitted May 25, 1993, at Lansing. Decided
    June 21, 1993, at 9:15 A.M.

    Phyllis D. Smith was arrested on April 9, 1992, on a charge of
    operating a motor vehicle while under the influence of intoxi-
    cating liquor or having an unlawful blood alcohol level. Follow-
    ing the receipt of blood test results on May 7, 1992, the
    arresting officer sought a complaint and warrant from the 52-1
    District Court on June 12, 1992. Although a magistrate found
    probable cause to issue a complaint and warrant, the court,
    Brian W. MacKenzie, J., determined that the complaint should
    be denied because arraignment on the charge had not occurred
    within fourteen days of the arrest as required by MCL
    257.625b(1); MSA 9.2325(2)(1). On September 18, 1992, Judge
    MacKenzie authorized reissuance of the complaint and war-
    rant. The defendant moved to quash. The court, Michael
    Batchik, J., ruled that the reissued complaint and warrant
    were invalid and ordered dismissal of the action with prejudice.
    The Oakland Circuit Court, Robert C. Anderson, J., summarily
    affirmed the order of dismissal. The prosecutor sought leave to
    appeal. The Court of Appeals, in lieu of granting leave to
    appeal, issued a peremptory opinion.

    The Court of Appeals *held:*

    Violation of the fourteen-day rule is not a jurisdictional
    defect. The original dismissal was appropriate, but could not
    have been with prejudice. The lower courts erred in quashing
    the reissued complaint and warrant. The decisions of those
    courts must be reversed and the case remanded to the 52-1
    District Court for further proceedings.

    Reversed and remanded.

CRIMINAL LAW — DRUNK DRIVING — ARRAIGNMENTS — VEHICLE CODE
    — JURISDICTION — DISMISSALS — PREJUDICE.
    Violation of the statutory time limit providing that a person

REFERENCES
Am Jur 2d, Criminal Law §§ 440, 856; Dismissal, Discontinuance,
    and Nonsuit §§ 48 *et seq.*
See ALR Index under Arraignment; Criminal Law; Dismissal, Dis-
    continuance, and Nonsuit; Jurisdiction.

arrested for a misdemeanor violation of certain sections of the Vehicle Code concerning driving while intoxicated must be arraigned on the citation, complaint, or warrant not more than fourteen days after the date of arrest or, if an arrest warrant is reissued, not more than fourteen days after the reissued warrant is served, does not divest the court of jurisdiction to hear the matter; a dismissal as a result of a violation of the fourteen-day rule is not with prejudice (MCL 257.625[1],[3], 257.625b[1]; MSA 9.2325[1],[3], 9.2325[2][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

Before: TAYLOR, P.J., and SHEPHERD and JANSEN, JJ.

TAYLOR, P.J. The Oakland County Prosecutor seeks leave to appeal an Oakland Circuit Court order affirming a decision of the 52-1 District Court that refused to authorize reissuance of a complaint and warrant charging defendant with operating a motor vehicle while under the influence of intoxicating liquor or while having an unlawful blood alcohol level (OUIL/UBAL), a violation of § 625 of the Vehicle Code, MCL 257.625; MSA 9.2325. The original complaint and warrant had been dismissed when defendant was not arraigned within fourteen days of her arrest, and the district court refused to authorize reissuance of the complaint and warrant on the theory that under MCL 257.625b(1); MSA 9.2325(2)(1), the dismissal was "with prejudice." In light of the frequency with which this issue is likely to arise in the lower courts and in lieu of granting or denying leave to appeal, we have elected, pursuant to MCR 7.205(D)(2), to resolve the issue by peremptory opinion. *Kerby v Judges Retirement Bd of Michi-*

*gan,* 166 Mich App 302; 420 NW2d 195 (1988), and cases there cited.

Section 625b of the Vehicle Code was amended by 1991 PA 93, effective January 1, 1992. During the 1992 calendar year, the relevant portion of the statute, subsection 1, provided:

> A person arrested for a misdemeanor violation of section 625(1) or (3), or a local ordinance substantially corresponding to section 625(1) or (3), shall be arraigned on the citation, complaint, or warrant not more than 14 days after the date of arrest or, if an arrest warrant is reissued, not more than 14 days after the reissued arrest warrant is served.

Commencing January 1, 1993, that subsection of the statute includes additionally a reference to § 625m of the Vehicle Code, MCL 257.625m; MSA 9.2325(13).

In the case at bar, defendant was arrested on April 9, 1992, by an Oakland County sheriff's deputy on a charge of OUIL/UBAL. The deputy, responding to the scene of a personal injury accident and having been advised by witnesses at the scene that defendant failed to stop her vehicle at a stop sign and collided with another automobile, determined from speaking with defendant and the use of his olfactory senses that defendant was probably under the influence of intoxicants. A preliminary breath test was administered, showing a blood alcohol level in excess of 0.10 percent.

After she was taken to the sheriff's headquarters, defendant submitted to a blood test, it seems, rather than a Breathalyzer test, the results of which were not received from the Department of State Police Toxicology Laboratory until May 7, 1992, confirming a blood alcohol level in excess of 0.10 percent. The arresting officer, for reasons not

clear from the record, did not proceed to the 52-1 District Court to swear out the complaint and warrant until June 12, 1992. On that date, the district court magistrate, after questioning the deputy, found probable cause to issue the complaint and warrant.

On the same date, a judge of the 52-1 District Court wrote "denied" on the face of the complaint and appended his signature. By June 25, 1992, the prosecutor had learned from the district court administrator that the 52-1 District Court had no policy prohibiting clerks from accepting complaints filed more than fourteen days after arrest. On July 10, 1992, the assistant prosecutor in charge of the Warrants Division requested a copy of the transcript of proceedings before the magistrate, as well as a copy of the order denying the complaint and warrant.

The transcript was received by August 11, 1992, but not the order. It was at this point that the prosecutor sought from the district court judge an order confirming the denial of the warrant, and a proposed order was submitted August 20, 1992, for the judge's signature.

At some point, the prosecutor seems to have learned that the judge would not sign the order, and on September 4, 1992, a new complaint and warrant were presented to the same district court judge, who authorized reissuance on September 18, 1992.

On October 28, 1992, a second district court judge of the 52-1 District Court conducted a hearing with regard to defendant's motion to quash on the basis of violation of the fourteen-day rule set forth in § 625b. At this hearing, it was stipulated that defendant was arrested on April 9, 1992. The district court judge ruled that the reissued complaint and warrant were invalid and that no new

complaint and warrant could ever be issued once the fourteen-day statutory time limit for arraignment, the thirty-five-day time limit for pretrial conferences, or the seventy-seven-day time limit for trial set forth in § 625b(2) of the Vehicle Code had been exceeded.

The prosecutor appealed this decision to the Oakland Circuit Court, which summarily affirmed. The case now comes to this Court for review on the prosecutor's timely application.

At the outset, we consider it curious that the lower courts have construed statutory amendments to the drunk driving laws, which were designed to make the workings of the criminal justice system more swift and sure and to increase the penalties for such conduct, into an additional, technical defense for accused drunk drivers. Staff analyses of the legislation that became 1991 PA 93, prepared by the House Legislative Analysis Section and Senate Fiscal Agency, clearly show that the purpose of including these time limits in the legislation was to remedy the systemic delays in restricting, suspending, or revoking the motor vehicle operating privileges of drunk drivers, and generally to assure that drunk driving cases would be moved through the criminal justice and related administrative process as quickly as possible, with an eye to insuring the prompt punishment of offenders. Frustration of the legislative purpose by delay, whether caused judicially or by police or prosecutors, hardly implies that the prosecution must be abated with prejudice. The Legislature did not purport to establish a system whereby there is either speedy justice or no justice at all.

Fundamental rules of construction governing statutory time limits are well summarized in 3 Sutherland, Statutory Construction (5th ed), § 57.19, pp 47-48:

A great many cases involve the determination of whether time provisions shall have mandatory or directory effects. This includes statutes that limit things to be done within a certain time or prescribe the date on which a thing is to be done. Notwithstanding legislative intent, the determination is based on grounds of policy and equity to avoid harsh, unfair or absurd consequences.

It is difficult to conceive of anything more absolute than a time limitation. And yet, for obvious reasons founded in fairness and justice, time provisions are often found to be directory where a mandatory construction might do great injury to persons not at fault, as in a case where slight delay on the part of a public officer might prejudice private rights or the public interest. The general rule is that if a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory. However, if the time period is provided to safeguard someone's rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed.

* * *

A provision requir[ing] a decision of a court, referee, administrative agency, or the like, to be entered or filed within a certain time has been held to be directory.

These principles are wholly consistent with Michigan jurisprudence, and particularly that branch of Michigan jurisprudence which deals with statutory time limits in the context of the processing of criminal charges. MCL 766.4; MSA 28.922 provides that a preliminary examination must be conducted in all felony cases within twelve days of the date of arrest. Violation of this twelve-day rule means, at most, that, on timely motion, the charges must be dismissed, albeit the dismissal is without prejudice, and only time limi-

tations inherent in the constitutional right to a speedy trial preclude the prosecutor from refiling charges in those circumstances. *People v Weston,* 413 Mich 371, 372; 319 NW2d 537 (1982).

We note that, when the Legislature wishes to make jurisdictional a statutory time limit for the processing of criminal matters, it uses language adapted to that end, as it has done with the 180-day rule in MCL 780.131 *et seq.*; MSA 28.969(1) *et seq.* In stark contrast, subsections 625b(1) and (2) of the Vehicle Code not only contain no similar language suggesting that a violation of the time limits thus established is jurisdictional, but subsection 1, by its terms, contemplates that an arrest warrant may be reissued. The time limits were created not to protect the rights of accused drunk drivers, but to prod the judiciary, and prosecutors who handle drunk driving cases, to move such cases with dispatch.

In the case at bar, the original dismissal may have been appropriate, but it could not have been "with prejudice." Accordingly, the circuit and district courts erred in quashing the reissued complaint and warrant. Accordingly the decisions of the Oakland Circuit Court and the 52-1 District Court are reversed, and the cause is remanded to the 52-1 District Court for further proceedings consistent with this opinion. This Court retains no further jurisdiction.

Reversed and remanded.