PEOPLE v YAREMA

Docket No. 177428. Submitted November 1, 1994, at Lansing. Decided December 19, 1994, at 9:00 A.M.

Michael G. Yarema was convicted by a jury in the 72nd District Court, Daniel J. Kelly, J., of operating a vehicle while visibly impaired. The conviction followed the trial court's denial of the defendant's motions to dismiss for failure to arraign the defendant within fourteen days or hold a pretrial conference within thirty-five days. The St. Clair Circuit Court, James T. Corden, J., affirmed the judgment. The Court of Appeals, DOCTOROFF, C.J., and FITZGERALD and TAYLOR, JJ., denied the defendant's application for leave to appeal in an order dated September 30, 1994. The defendant filed a motion for rehearing. The Court of Appeals, in lieu of granting or denying rehearing, issued a peremptory opinion.

The Court of Appeals held:

The fourteen-, thirty-five, and seventy-seven-day time limits for an arraignment, pretrial conference, and a trial, respectively, in the drunk driving statute, MCL 257.625b(1) and (2); MSA 9.2325(2)(1) and (2), are directory. Therefore, not only must there be a timely motion to dismiss on the basis of a violation of the statutory time limit, with any resulting dismissal being without prejudice to the reinstitution of charges, but, if the trial court denies the motion for dismissal, the issue can be preserved only by pursuing an interlocutory appeal. Reliance on issues concerning a violation of the time limits is precluded on appeal where there has been a trial, conviction, and sentence. The circuit court properly affirmed the defendant's conviction because, although the defendant timely raised the issue, he failed to pursue the issue with an interlocutory appeal when the district court denied his motions. Because this appeal arose after the judgment and sentence, the issue, being nonsubstantive in nature, is not cognizable.

Affirmed.

---

REFERENCES

Am Jur 2d, Appeal and Error §§ 554, 578; Criminal Law § 223; Limitation of Actions §§ 20-22.

See ALR Index under Interlocutory Proceedings or Matters; Limitation of Actions; Statutes.

FITZGERALD, J., dissenting in part, stated that in the absence of a persuasive showing of exceptional circumstances to justify a delay beyond the seventy-seven-day deadline for final adjudication, the dismissal of an action with prejudice is the appropriate remedy.

1. STATUTES — JUDICIAL CONSTRUCTION — TIME LIMITS — OFFICIAL DUTIES.

The fundamental rules of statutory construction generally preclude construction of a time limit for performance of an official duty as being mandatory, absent language expressly precluding performance of such duty after the specified time.

2. CRIMINAL LAW — ARRAIGNMENTS — PRETRIAL CONFERENCES — TRIAL — VEHICLE CODE — DISMISSALS — PREJUDICE — APPEAL.

The fourteen-day, thirty-five-day, and seventy-seven-day time limits pertaining to arraignments, pretrial conferences, and trials, respectively, contained in subsections 625b(1) and (2) of the Vehicle Code are directory only; therefore, not only must there be a timely motion to dismiss on the basis of a violation of the statutory time limit, with any resulting dismissal being without prejudice to the reinstitution of charges, but, if the trial court denies the motion for dismissal, the issue properly can be preserved only by pursuing an interlocutory appeal; the defendant may not rely upon such issues where the appeal occurs after trial, conviction, and sentence (MCL 257.625b[1],[2]; MSA 9.2325[2][1],[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Elwood L. Brown,* Prosecuting Attorney, and *Peter R. George,* Chief Assistant Prosecuting Attorney, for the people.

*Bruce R. Saperstein,* for the defendant.

Before: DOCTOROFF, C.J., and FITZGERALD and TAYLOR, JJ.

DOCTOROFF, C.J. Defendant was arrested and charged with operating a vehicle while under the influence of intoxicating liquor in violation of § 625 of the Vehicle Code, MCL 257.625; MSA 9.2325, on September 24, 1993. On October 7, 1993, the dis-

trict court sent notice of arraignment, which was then scheduled for October 11, 1993. At a November 5, 1993, pretrial conference, defense counsel moved for dismissal for failure to arraign defendant within fourteen days or to hold the pretrial conference within thirty-five days as required by § 625b of the Vehicle Code, MCL 257.625b; MSA 9.2325(2).

That motion was denied, and a further motion to dismiss was made and rejected when the original trial date of November 24 was adjourned to December 15, 1993, beyond the seventy-seven-day time limit set forth in the statute. The case proceeded to trial, and defendant was convicted by a jury of the lesser included offense of driving while impaired, MCL 257.625(3); MSA 9.2325(3). His conviction was affirmed on appeal to the St. Clair Circuit Court, and the case comes to this Court by way of a delayed application for leave to appeal.

This Court denied the application in an order dated September 30, 1994. Defendant, through counsel, filed a motion for rehearing suggesting that the bar and the lower court bench need guidance regarding the question whether the time limits set forth in the statute are wholly meaningless. Believing that there is merit in that request, in lieu of granting or denying the motion for rehearing, we have elected, pursuant to MCR 7.205(D)(2), to resolve the issue by this peremptory opinion. *People v Smith,* 200 Mich App 237, 238-239; 504 NW2d 21 (1993).

In *People v Smith, supra,* this Court held that dismissal for violation of the statutory time limits could not be "with prejudice." The Court was careful to avoid the question whether dismissal "without prejudice" was proper, which was not crucial to the proper decision of the issue then presented, as evidenced by the statement in the

opinion that "the original dismissal *may have been appropriate,* but it could not have been 'with prejudice.' " *Id.* at 243. (Emphasis supplied.) The case at bar squarely presents the issue whether dismissal is mandatory.

As this Court held in *Smith, supra,* the fundamental rules of statutory construction generally preclude construction of a time limit for performance of an official duty as being mandatory, absent language that expressly precludes performance of such duty after the specified time has elapsed. Such statutes are normally construed as being "directory." 3 Sutherland, Statutory Construction (5th ed), § 57.19, pp 47-48. *Smith, supra* at 241-242. In this context, the term "directory" means something less than the alternative of compliance or absolute dismissal.

In *Smith,* this Court drew an analogy to the twelve-day time limit for conducting preliminary examinations in felony cases, MCL 766.4; MSA 28.922. The Supreme Court, likewise, has construed that statute as being directory only, meaning that, on timely motion, the charges may be dismissed, but without prejudice, except when the constitutional right to a speedy trial has otherwise also been violated. *People v Weston,* 413 Mich 371, 372; 319 NW2d 537 (1982).

We think that Michigan's developed jurisprudence regarding the twelve-day time limit for preliminary examinations applies by analogy to the fourteen-, thirty-five, and seventy-seven-day time limit in the drunk driving statute for an arraignment, pretrial conference, and trial, respectively. This means that, not only must there be a timely motion to dismiss on the basis of a violation of the statutory time limit, with any resulting dismissal being without prejudice to the reinstitution of charges, *People v Smith, supra,* but, if the trial

court denies the motion for dismissal, the issue properly can be preserved only by pursuing an interlocutory appeal. Appeal after judgment, i.e., after trial, conviction, and sentence, precludes reliance on such issues. *People v Crawford*, 429 Mich 151; 414 NW2d 360 (1987).

The case at bar is therefore directly controlled by the reasoning in *Crawford*. Defendant timely raised the issue, but failed to pursue it by interlocutory appeal when the district court denied his motions to dismiss. This appeal having arisen after the judgment of conviction and sentence, the issue, being nonsubstantive in nature, is not cognizable. Accordingly, no other issue being presented, defendant's conviction is affirmed.

Affirmed.

TAYLOR, J., concurred.

FITZGERALD, J. *(concurring in part and dissenting in part).* I concur with the majority opinion with respect to the fourteen-day time limit for an arraignment and the thirty-five-day time limit for a pretrial conference. I do not agree with the majority's analysis, however, with respect to the seventy-seven-day time limit for final adjudication.

MCL 257.625b(2); MSA 9.2325(2)(2) provides, in relevant part:

> The court shall, except for delay attributable to the unavailability of the defendant, a witness, or material evidence, or due to an interlocutory appeal or exceptional circumstances, but not a delay caused by docket congestion, finally adjudicate, by a plea of guilty or nolo contendere, or the entry of a verdict, or by other final disposition, . . . within 77 days after the person is arrested for the violation or, if an arrest warrant is reissued, not more than 77 days after the date the reissued arrest warrant is served.

Exceptions to the seventy-seven-day deadlines for court and administrative action are narrowly constructed. Although delay would be allowed for "exceptional circumstances," this standard, taken from the Michigan Court Rule regarding speedy trials and delays by prosecutors,[1] is more restrictive than the familiar standard of "good cause." In the absence of a persuasive showing of exceptional circumstances to justify a delay beyond the seventy-seven-day deadline, I believe that dismissal with prejudice is the appropriate remedy.[2]

---

[1] MCR 6.004(C)(4)(b).

[2] In *People v Smith,* 200 Mich App 237; 504 NW2d 21 (1993), the arraignment was not held within fourteen days of the arrest. The Court held that violation of the fourteen-day rule is not a jurisdictional defect. Although the Court noted that subsections 625b(1) and (2) of the Vehicle Code did not suggest that a violation of the time limits established is jurisdictional, the holding in the case was limited to the fourteen-day deadline for an arraignment. Therefore, the decision in *Smith* is not outcome-determinative with respect to the seventy-seven-day deadline for final adjudication.