YOUNG, C.J.
(concurring). I fully join the majority’s opinion. I write separately, however, to note that the majority’s holding is perfectly consistent with the recognized narrow exception to the general rule that courts must refrain from creating remedies for statutory violations where the Legislature has not seen fit to provide a remedy.[1]
Generally speaking, this Court applies the plain meaning of the words used in a statute.[2] When a statute contains a mandate but does not specify an accompanying remedy for violating that mandate, courts must refrain from creating a remedy.[3] However, when the legislative mandate is a time limitation imposed on the government, this general rule of refraining from fash *341 ioning a remedy contains a notable exception:[4] if the time limitation is provided to safeguard the rights of a party, courts may provide a limited remedy by precluding the government from acting in derogation of the mandate and to the detriment of the protected party.[5]
This narrow exception, first recognized more than a century ago by this Court in Agent of State Prison v Lathrop,[6] does not vest courts with the unbridled authority to fashion whatever remedy they deem just. Rather, the limited remedy provided by the Lathrop exception, whether characterized by the majority or by this Court’s earlier holdings, is properly understood as a restraint on official action, and it does not permit courts to fashion additional extrastatutory remedies permitting official action.[7] Because I have previously identified the adverse consequences that occur when *342 courts are free to cast aside the Legislature’s intent under the guise of imposing fairness and equity,* *[8] 1 am compelled to underscore the limited scope of the relief available under the exception outlined by the majority today. The narrow exception applied today, restraining the performance of official action, provides no cognizable basis for courts to fabricate remedies out of whole cloth.

 See Lash v City of Traverse City, 479 Mich 180, 193; 735 NW2d 628 (2007); People v Anstey, 476 Mich 436, 445 n 7; 719 NW2d 579 (2006) (“Because the Legislature did not provide a remedy in the statute, we may not create a remedy that only the Legislature has the power to create.”).

 See People v Wilcox, 486 Mich 60, 64; 781 NW2d 784 (2010).

 See note 1 of this opinion.

 This narrow exception is consistent with the general rule of statutory interpretation reiterated by this Court in Lash v Traverse City, see note 1 of this opinion, and does not provide for an extrastatutory remedy for the violation of a time limitation placed on an official action. As the majority correctly notes, Sutherland’s characterization of the general rule is that “if a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory.” 3 Sutherland, Statutory Construction (5th ed), § 57:19, p 74.

 See Agent of State Prison v Lathrop, 1 Mich 438, 444 (1850); Fay v Wood, 65 Mich 390, 401; 32 NW 614 (1887); People v Smith, 200 Mich App 237, 242-243; 504 NW2d 21 (1993).

 Lathrop, 1 Mich at 444.

 As the majority correctly notes, “the public officer who fails to act timely is prohibited from proceeding as if he or she had acted within the statutory notice period.” (Emphasis added.) This characterization is consistent with Sutherland’s, which states that “if the time period is provided to safeguard someone’s rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed.” 3 Sutherland, § 57:19, p 74. Both of these statements align with this Court’s prior holding that time limits for the performance of an official act “will be regarded as directory merely, unless the nature of the act to be performed . . . show that the designation of time was considered as a *342 limitation of the power of the officer.” Lathrop, 1 Mich at 441 (emphasis added; citation and quotation marks omitted).

 Devillers v Auto Club Ins Ass’n, 473 Mich 562, 591; 702 NW2d 539 (2005) (“Indeed, if a court is free to cast aside, under the guise of equity, a plain statute ... simply because the court views the statute as ‘unfair,’ then our system of government ceases to function as a representative democracy. No longer will policy debates occur, and policy choices be made, in the Legislature. Instead, an aggrieved party need only convince a willing judge to rewrite the statute under the name of equity.”).