# STATE OF MICHIGAN

# COURT OF APPEALS

In re CHARLES PORTUS.

PEOPLE OF THE STATE OF MICHIGAN,

Appellee,

v

CHARLES PORTUS,

Appellant.

UNPUBLISHED
December 2, 2014

No.  309197
Oakland Probate Court
LC No.  1976-017337-MI

Before:  GLEICHER, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Appellant appeals an order denying his motion to dismiss petition for continuing treatment filed by the Center for Forensic Psychiatry (CFP).  This Court denied appellant's application for leave to appeal for lack of merit in the grounds presented.[1]  In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted.  *In re Portus,* 492 Mich 863; 819 NW2d 577 (2012).  The trial court's decision is affirmed.

In 1973, appellant was charged with the rape and murder of a seven-year-old boy.  In 1974, he was found not guilty by reason of insanity (NGRI), and placed in the custody of CFP. *In re Portus*, 142 Mich App 799, 801; 371 NW2d 871 (1985).  Appellant has remained at CFP since that time.  On July 29, 2010, the probate court held a hearing on a petition for continuing treatment, and subsequently issued an order for continuing treatment on September 13, 2010, which ordered that appellant remain hospitalized for a period not to exceed one year.  Pursuant to the order, CFP was required to review appellant's status in six months.  MCL 330.1482.  CFP issued its review early, on January 26, 2011.  In response, appellant filed a petition for discharge on February 2, 2011, and a hearing was set for February 10, 2011.  Appellant requested an adjournment, and the court entered a stipulated order adjourning the hearing.  The order provided

---

[1] *In re Charles Portus*, unpublished order of the Court of Appeals, entered April 27, 2012 (Docket No. 309197).

-1-

"that all time limits in this matter are waived." The hearing was later adjourned to May 19, 2011, then to July 19, 2011, then to August 30, 2011, and then to October 17, 2011. In the midst of these adjournments, on July 14, 2011, CFP filed a petition for continuing treatment. No hearing was set for the petition for continuing treatment.[2]

On October 17, 2011, after appellant authorized his attorney to dismiss his petition for discharge, the court entered an order releasing appellant from CFP. Appellant was not released, and on November 16, 2011, CFP filed a petition for involuntary hospitalization pursuant to MCL 330.1434. The petition indicated that appellant was a person requiring treatment as defined by MCL 330.1401(a), and indicated that the petition was filed as an alternative to the July 14, 2011 petition for continuing treatment. The court scheduled a hearing on the petition for November 21, 2011. At the hearing, the court questioned whether it was proceeding pursuant to the petition for continuing treatment or the petition for involuntary hospitalization. The court adjourned the hearing until December 14, 2011, asking the parties to research the issue.

At the December 14, 2011 hearing, appellant argued that the court failed to hold a hearing within seven days from the receipt of the petition for continuing treatment as required by MCL 330.1452, and, therefore, the petition had to be dismissed. Appellant also argued that he was not properly served with the July 14, 2011 petition for continuing treatment. Appellee argued that appellant had waived any challenge to time limitations in the February 10, 2011 order of adjournment. The court rejected appellee's waiver argument, but ultimately held that the court could continue under the petition for continued treatment pursuant to MCL 330.2050(5). Appellant now appeals.

On appeal, appellant argues that the probate court's failure to set a hearing on the July 14, 2011 petition for continuing treatment within seven days pursuant to MCL 330.1452 mandates dismissal of the petition.

Statutory interpretation is a question of law that is reviewed de novo on appeal. *People v Parker,* 288 Mich App 500, 504; 795 NW2d 596 (2010). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing on the statute's plain language." *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). Questions relating to the proper interpretation of court rules are also questions of law that are reviewed de novo. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). Constitutional issues are questions of law reviewed de novo. *Wayne County Retirement Sys v Wayne Co*, 301 Mich App 1, 24; 836 NW2d 279 (2013).

MCL 330.1452 provides that the "court shall fix a date for every hearing convened under this chapter. The hearing shall be convened promptly, but not more than 7 days, excluding Sundays and holidays, after the court's receipt of . . . [a] petition for a determination that an individual continues to be a person requiring treatment . . . [and] [a] petition for discharge filed

---

[2] While no hearing was set for the July 14, 2011 petition, a hearing was already scheduled for July 19, 2011, on appellant's petition to discharge. That hearing was adjourned to August 30, 2011, by a stipulated order entered July 20, 2011.

under section 484." MCL 330.1452(c) and (d). It is undisputed that the court failed to set a hearing for the July 14, 2011 petition for continuing treatment.

At issue is what effect the time limitation in MCL 330.1452 should be given. Appellant asserts that the trial court's failure to adhere to the time limitations requires dismissal of the petition for continuing treatment, removal of appellant's NGRI status, and that the trial court must proceed on the petition for involuntary hospitalization.

In *In re Forfeiture of Bail Bond (People v Gaston)*, 496 Mich 320; 852 NW2d 747 (2014), the Supreme Court recently considered the effect of statutory time limitations, and explained the proper analysis for considering this issue, which hinges on whether the statutory time limitations are to be construed as mandatory or directory. The Court explained that, pursuant to the most recent case law in Michigan, in particular *In re Forfeiture of Bail Bond (People v Moore)*, 276 Mich App 482; 740 NW2d 734 (2007), the general rule is that "if a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory." *Gaston*, 496 Mich at 327, citing *Moore*, 276 Mich App at 494-495. In other words, the general rule is that time limitations in a statute are directory unless there is specific language prohibiting action after a specific time, at which point the time limitation would be mandatory. However, the Court explained that the general rule may not always apply, and explained several additional considerations required in the analysis, which the *Moore* Court failed to consider.

First, the Court discussed the difference between directory and mandatory language in statutes, which the Court emphasized, was an important consideration. *Gaston*, 496 Mich at 327-328. Generally, the term "shall" denotes a mandatory term, whereas the term "may" denotes a permissive, or directory, term. *Id*. at 328. In this case, the language in the statute is undoubtedly mandatory, as the statute states that the court shall hold a hearing within seven days. MCL 330.1452.

The Court went on to explain that while *Moore* stated the general rule, there is an exception to the rule that the *Moore* Court failed to consider. The exception to the general rule is that "whenever the act to be done under a statute is to be done by a public officer, and concerns the public interest or the rights of third persons, which require performance of the act, then it becomes the duty of the officer to do it." *Gaston*, 496 Mich at 328, citing *Agent of State Prison v Lathrop*, 1 Mich 438, 444 (1850). In other words, where time limitations in a statute were "designed to protect the public interest, as well as the rights of third persons, it must be construed as a mandatory provision." *Gaston*, 496 Mich at 329. The Court noted with approval that "time provisions are often found to be directory where a mandatory construction *might do great injury to persons not at fault*, as in a case where slight delay on the part of a public officer might *prejudice private rights or the public interest*." *Id.*, citing 3 Sutherland Statutory Construction (7th ed), § 57:19, pp 72-74 (emphasis in original). The Court also explained that the exception may inversely apply, in that "time provisions should be construed as directory if a mandatory construction might prejudice someone's rights or the public interest." *Gaston*, 496 Mich at 333 n 5.

The Court ultimately held that in *Gaston*, the exception to the general rule applied, and the statute in question, a notice provision relating to bail bonds, should be construed as

mandatory, because failure to follow the statute created a risk of injury to public and private rights. *Id.* at 330-335. The Court considered the purpose of the statute and the interests advanced by the statute in making its determination. The Court held that in *Moore*, which similarly dealt with a notice provision relating to bail bonds, the Court of Appeals erred when it did not consider the exception to the general rule. *Id.* at 326-327.

Applying the analysis articulated in *Gaston*, the time limitations of MCL 330.1452 should be construed as directory because mandatory construction might prejudice someone's rights or the public interest. See *id*. at 333 n 5. Here, there is the potential for great injury to persons not at fault and to the public interest if the statute is construed as mandatory.

First, there is a great concern regarding public safety. The record established that appellant, convicted by jury of NGRI, continues to pose a danger to the public. On July 11, 2011, appellant was examined by CFP to determine if continuing treatment was necessary. The examiner found that appellant was mentally ill due to mood disorder, antisocial personality disorder, pedophilia, sexual sadism, and sexual masochism. Appellant admitted to the examiner that his sexual fantasies often turned violent, and frequently involved children; according to appellant, about 75 percent of his sexual fantasies involved adults and 25 percent involved children. When on limited release from CFP, appellant described fantasizing about kidnapping a child in a store. The examiner stated that if appellant were released, there was a high risk of injury to others. Based on this examination, appellant continues to pose a danger to the general public who were not at fault for the court's error.

Second, construing the statute as mandatory may also injure appellant. Appellant stated that he may be dangerous and should not be let out into the community. According to the examiner, appellant requires further treatment, and appellant does not have full appreciation of the range and severity of his symptoms. For these reasons, it is reasonable to conclude that appellant may pose a danger to himself if released. There is an interest in protecting appellant who is mentally ill and requires treatment.

Finally, the purpose of many statutes imposing time limitations, at least in part, is to prod the judiciary. See *id*. at 330, citing *People v Smith*, 200 Mich App 237, 243; 504 NW2d 21 (1993). While that was likely a purpose of this statute, it does not justify mandatory construction in this circumstance. In addition, any prejudice to appellant that would result from construing the time limitation as directory is not as significant as the injury possible to both appellant and the public if the time limitation is construed as mandatory. The last order for continuing treatment expired on September 13, 2011, and a hearing was held on November 21, 2011. Therefore, the court's error was corrected within a few months time. While trial courts obviously need to be careful to follow the time limitations imposed by statute, the prejudice to appellant does not outweigh the interest in protecting the public and appellant from appellant's release. Additionally, appellant does not argue that he should be released from CFP, only that the court should proceed on the new petition and his NGRI status be removed.

For these reasons, the court's failure to hold a hearing within seven days does not justify dismissal of the petition for continuing treatment or removal of appellant's NGRI status.[3]

In addition, the Legislature did not include a remedy in MCL 330.1452 for the Court's failure to adhere to the time limitation. Other Michigan cases have held that this Court should not create a remedy where there is not one imposed by statute. The Court has held that "[t]he Legislature well knows how to provide remedies for statutory time limitation violations," and courts cannot create a remedy that does not exist in the statute at issue "or elsewhere in the statutory scheme[.]" *Jones v Dep't of Corrections,* 468 Mich 646, 656 n 13; 664 NW2d 717 (2003) (holding that a parolee is not entitled to relief where parole board fails to conduct hearing on parole violation charges within 45 days of parolee's return to prison, MCL 791.240a); *Dep't of Consumer & Indus Servs v Greenberg,* 231 Mich App 466, 468-469; 586 NW2d 560 (1998) (holding that a licensee is not entitled to relief where disciplinary subcommittee does not meet and impose a penalty within 60 days of receipt of examiner's recommendations, MCL 333.16232[3]); *In re Pardee,* 190 Mich App 243, 252; 475 NW2d 870 (1991) (holding the appellant was not entitled to relief where court fails to conduct termination hearing within 42 days of filing of the petition, MCR 5.974[F][1][b]). But see *Kowalski v Fiutowski,* 247 Mich App 156, 162; 635 NW2d 502 (2001) (where a statute provides no remedy, the court may infer one). This preposition lends further support to this opinion, as the statute in question does not impose a remedy for the trial court's failure to comply with the time limitation.[4]

Appellant asserts that his due process rights were violated by the trial court's untimely holding of the hearing. "Whether a person has been afforded due process is a question of law that is reviewed de novo." *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012).

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re KB,* 221 Mich App 414, 419; 562 NW2d 208 (1997) (internal quotation marks and citation omitted). "[T]he revocation of a conditional release from hospitalization involves a liberty interest that should be afforded due process

---

[3] Appellant relies on *In re Van Zant*, 126 Mich App 732; 338 NW2d 1 (1983) in support of his argument. *Van Zant* is not binding on this Court because it was decided before November 1, 1990. MCR 7.215(J)(1); *Charles A Murray Trust v Futrell*, 303 Mich App 28, 49; 840 NW2d 775 (2013). Moreover, *Gaston* is dispositive on this issue, and this Court must follow decisions of the Michigan Supreme Court. This Court is bound by stare decisis to follow the decisions of the Supreme Court. *Duncan v State*, 300 Mich App 176, 193; 832 NW2d 761 (2013).

[4] It should also be noted that there is a line of Michigan cases that have held that absent specific language prohibiting performance after the time limitation, the remedy is dismissal without prejudice. *People v Yarema,* 208 Mich App 54, 57; 527 NW2d 27 (1994); see also *People v Weston,* 413 Mich 371, 376; 319 NW2d 537 (1982); *In re Contempt of Tanksley,* 243 Mich App 123, 130-131; 621 NW2d 229 (2000). Here, dismissal without prejudice is not possible, seeing as the one year time period has expired. If the petition were dismissed, appellee could not refile its petition. Therefore, applying this result in the current case would create a consequence that was not considered by these decisions.

protection." *Id.* Assuming that a person in appellant's position has the same liberty interest, it is unclear how his procedural due process rights are violated if he is afforded those rights, albeit belatedly. Additionally, his continued hospitalization pending the hearing cannot be an infringement of his rights because a person committed following a verdict of NGRI cannot be "discharged or placed on leave without first being evaluated and recommended for discharge or leave" by CFP. MCL 330.2050(5). Even a person hospitalized pursuant to civil commitment proceedings cannot be discharged unless he is deemed "clinically suitable for discharge" or he "no longer meets the criteria of a person requiring treatment," MCL 330.1476(1) and (2), and no such determination has been made in this case. Therefore, appellant's due process rights were not violated.

Appellee asserts that appellant waived his right to a timely hearing. "Waiver is a mixed question of law and fact." *Sweebe v Sweebe,* 474 Mich 151, 154; 712 NW2d 708 (2006). "The definition of waiver is a legal issue, and whether the facts of the case amount to a waiver is a question of fact, which is reviewed for clear error." *Cadle Co v Kentwood,* 285 Mich App 240, 253; 776 NW2d 145 (2009).

A waiver is the "intentional relinquishment or abandonment of a known right." *People v Carter,* 462 Mich 206, 215; 612 NW2d 144 (2000) (citation omitted). The February 10, 2011 order adjourned "the hearing set for February 10," which was a hearing on appellant's petition for discharge, and/or "the pre-trial." Because appellant agreed to waive time limits in connection with that adjournment, it is clear that he waived the time limits for holding the hearing on his petition for discharge and/or those associated with any pretrial hearings. The order provided, however, that appellant waived "all time limits in this matter," which would certainly include time limits associated with other hearings such as those for a petition for continuing treatment. Nevertheless, no such petition for continuing treatment was pending at that time and thus there was no reason to anticipate that it could not be held in a timely manner if filed, especially since the petition was not due to be filed for several months and the order of adjournment was only for a period of six weeks. Therefore, the trial court did not err in finding that appellant had not waived his right to a timely hearing.[5]

Appellant alternatively argues that the probate court was required to dismiss the July 1, 2011 petition because he did not receive a copy of the petition and notice of his rights as required by MCL 330.1453.

MCL 330.1453 provides:

> (1) The court shall cause notice of a petition and of the time and place of any hearing to be given to the subject of the petition, his or her attorney, the

---

[5] Appellee also asserts that appellant waived this issue by failing to object that a hearing was not scheduled and for adjourning the July 21, 2011 hearing, which would have occurred within seven days of the hearing. This position is rejected; it does not appear as though appellant knew with certainty that a petition for continuing treatment had been filed during that period, even if he knew generally a petition was going to be filed.

petitioner, the prosecuting or other attorney provided for in section 457, the hospital director of any hospital in which the subject of a petition is hospitalized, the spouse of the subject of the petition if his or her whereabouts are known, the guardian, if any, of the subject of the petition, and other relatives or persons as the court may determine. Notice shall be given at the earliest practicable time and sufficiently in advance of the hearing date to permit preparation for the hearing.

(2) Within 4 days of the court's receipt of the documents described in section 452(b), the court shall cause the subject of the petition to be given a copy of the petition, a copy of each clinical certificate executed in connection with the proceeding, notice of the right to a full court hearing, notice of the right to be present at the hearing, notice of the right to be represented by legal counsel, notice of the right to demand a jury trial, and notice of the right to an independent clinical evaluation.

Appellant's reliance on MCL 330.1453 is misplaced. It refers to the "receipt of the documents described in section 452(b)," i.e., "[a] petition for a determination that an individual is a person requiring treatment, a clinical certificate executed by a physician or a licensed psychologist, and a clinical certificate executed by a psychiatrist." MCL 330.1452(b). Appellant had already been determined to be a person requiring treatment and the July 14, 2011 petition was a petition for a continuing order of involuntary mental health treatment under MCL 330.1473, i.e., "[a] petition for a determination that an individual continues to be a person requiring treatment[.]" MCL 330.1452(c). Because the July 14, 2011 petition was not a document described in MCL 330.1452(b), appellant was not entitled to a copy within four days after the court received it. Rather, he was entitled to notice of the petition and the time and place for the hearing "at the earliest practicable time and sufficiently in advance of the hearing date to permit preparation for the hearing." MCL 330.1453(1).

Appellant clearly had notice of the July 14, 2011 petition before November 21, 2011. It appears that a copy of the July 14, 2011 petition was included with the November 16, 2011 petition and a copy of that petition as well as the notice of hearing for the November 21, 2011 hearing were served on appellant that day, which was timely under MCR 5.734(C)(1).

Affirmed.

/s/ Karen M. Fort Hood

-7-