112 103
118 256
118 266

MERSEREAU *v.* MILLER.

1. TAXES—PROCEEDINGS AGAINST DELINQUENT LANDS—VALIDITY OF DECREE—SIGNATURE OF CLERK.

The provision of section 67 of the tax law of 1893 (Act No. 206), that the decree in proceedings for the sale of delinquent lands shall be "countersigned by the clerk," is sufficiently complied with where the decree is signed by that officer as "register," since the proceeding is on the equity side of the court, and the clerk is register *ex officio.*

2. SAME—TAX RECORD—COPY OF DECREE—SUFFICIENCY OF CERTIFICATE.

It is sufficient, also, that the certificate to the copy of the decree annexed to the tax record, in which such officer describes himself as "county clerk and register in chancery," is signed by him as "register," although the section cited further provides that the certificate shall be made by the "county clerk."

3. SAME—CONSTITUTIONAL LAW—COURTS OF RECORD.

The fact that, by the terms of said section, the tax record, to which the decree refers for a description of the lands affected and for the amounts decreed against them, is to be delivered to the county treasurer, in whose office it is to remain "except as needed in the office of the county clerk," does not render the act unconstitutional, as relieving the court from the necessity of entering a complete decree, to be retained in its own custody, since the court may at any time repossess itself of the tax record.

Error to Schoolcraft; Steere, J. Submitted January 13, 1897. Decided March 10, 1897.

Ejectment by John D. Mersereau against August C. Miller and others. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*Clark & Pearl* and *Dan H. Ball,* for appellants.

*C. W. Dunton* (*C. R. Brown,* of counsel), for appellee.

MONTGOMERY, J.  This is an action of ejectment, to recover lot 1 of section 34, township 42 N., range 16 W. Plaintiff's title is a tax deed, made under a decree entered under Act No. 206, Pub. Acts 1893.  The plaintiff recovered, and defendants bring error.

1. Complaint is made that the decree entered was countersigned by the register.  The statute provides that the decree shall be signed by the judge and countersigned by the clerk.  The county clerk is, by virtue of his office, register in chancery.  The proceeding is on the equity side of the court, and we think it is no defect that the title of "register" is used in place of "clerk."  The register in chancery is the clerk of that court, although the title which he assumes is register, and the identity of the person is unquestioned.  A similar objection is made to the certificate annexed to the tax record, in the body of which the clerk describes himself as county clerk and register in chancery, and signs the certificate, "Ed. Ashford, Register in Chancery."  We think this was sufficient.

2. It is strenuously contended that the law is unconstitutional, for the reason that it contemplates that the chancery court, which by the Constitution is a court of record, shall not be under the necessity of entering a complete decree, to be retained in its own custody, but that the tax record is to go out of the possession of the court, and into the possession of the county treasurer.  A similar provision has been upon the statute books for many years, and this question has never before been directly raised, although the law has been upheld in numerous decisions.  We are cited in the brief of counsel to a criticism of a similar provision of the law of 1882 in the opinion of Mr. Justice CAMPBELL in the *State Tax Law Cases*, 54 Mich. 406.  We think, however, that there is no such excess of legislative authority in the provisions of this law as justifies us in declaring the act unconstitutional.  The statute (section 67) provides that—

" The decree shall be signed by the judge and counter-signed by the clerk. Immediately after the entry of such decree, the county clerk shall make a certified copy thereof, and annex the same to the tax record. He shall thereupon deliver such tax record to the county treasurer, in whose office the same shall remain, except as needed in the office of the county clerk."

It is apparent that it was not the purpose to withdraw from the control of the court this tax record. It is only to remain in the office of the county treasurer when not needed in the office of the county clerk, which is the office of the court, and we have no doubt of the power of the court at any time to possess itself of the tax record for any purpose for which it may be required. While it might have been wiser to provide for duplicates of this tax record, we think the evident purpose was that the tax record should remain a part of the records of the court, and subject to its control, and that the law is not, for the reason suggested, unconstitutional.

None of the other questions discussed are, we think, open to consideration, within the rule laid down in *Muirhead* v. *Sands*, 111 Mich. 487.

The judgment will be affirmed.

The other Justices concurred.