114    9|
118  267|
——————
114    9|
f123  356|

### JENISON *v.* CONKLIN.

1. TAXES—REPORT OF SALE—SUFFICIENCY.

   Section 66 of the tax law of 1889 ( 3 How. Stat. § 1170*g*5 ),
   requiring the county treasurer to make and file with the clerk
   of the court a report of his sale of lands for delinquent
   taxes, "therein referring to the tax record for the particulars
   thereof," was sufficiently complied with by the filing of a re-
   port, properly addressed and signed, stating that the treasurer,
   on the 1st day of May, 1893, at the annual sale, " offered for
   sale all delinquent taxes for the year 1890, and which do not
   appear on the State list, and referring to the tax record for
   the particulars thereof."

2. SAME—STATE TAX LANDS—VOID SALE.

   A sale of land for delinquent taxes under the tax law of
   1889 was not invalidated by the failure of the purchaser to
   buy at the same time the State's interest in the land under
   a sale for a previous year, as required by section 62 of the
   act ( 3 How. Stat. § 1170*g*1 ), where such prior sale to the
   State was void.

Error to Ottawa; Padgham, J. Submitted June 18,
1897. Decided July 13, 1897.

Ejectment by Luman Jenison against John Conklin
and wife. From a judgment for defendants on verdict
directed by the court, plaintiff brings error. Affirmed.

*Charles E. Soule* (*George A. Farr*, of counsel), for
appellant.

*C. O. Smedley* (*John W. Powers*, of counsel), for
appellees.

GRANT, J. This is an action of ejectment. Plaintiff
showed title from the government, and two tax deeds, and
rested. Defendants introduced two tax deeds subsequent
to those of the plaintiff. Defendants were in possession.
One of their deeds was for the delinquent taxes of 1889;

the other, for 1890. The court held the deed for the taxes of 1890 valid, and directed a verdict for the defendants. Both parties concede that the deed for the taxes of 1889 is absolutely void.

It is contended by the plaintiff that the deed for the taxes of 1890 is void because no report of sale was made by the county treasurer, as required by law; and he cites *Jenkinson* v. *Auditor General*, 104 Mich. 34; *Millard* v. *Truax*, 99 Mich. 157. The record in the county treasurer's office shows a sale duly made on May 1, 1893, in pursuance of which, July 12, 1894, a deed was made to defendant John Conklin by the auditor general. On May 15th the county treasurer made the following report:

"To the County Clerk of the County of Ottawa:

"*Sir:* I herewith wish to report to you that on the 1st day of May, 1893, at the annual sale, I offered for sale all delinquent taxes for the year 1890, and which do not appear on the State list, and referring to the tax record for the particulars thereof.

"HENRY PELGRIM,
"County Treasurer."

Upon this report was the following indorsement:

"No. 1,771. Report of Tax Sales of 1890 Tax.
"Received and filed May 15, 1893.

"GEORGE D. TURNER, Clerk."

The statute (Act No. 195, Pub. Acts 1889, § 66) requires the county treasurer to "make and file with the clerk of the court a report of such sale, therein referring to such tax record for the particulars thereof." We think this report was a sufficient compliance with the law.

This land was held by the State under the sale the previous year for the taxes of 1889. When defendant bid it in for the taxes of 1890, he was informed by the county treasurer that he must also buy the State's interest in said land, and that that sale would take place May 20th. Defendant appeared at that time, and paid the treasurer the amount due the State. The report of that sale was made May 24th. The court held that no title passed to the

State for the taxes of 1889 under the void decree, and that, therefore, this latter sale did not affect defendant's title under his purchase May 1st. We think his holding correct. A sale absolutely void conveys no title, and any proceedings under it were likewise void, and had no tendency to impeach the defendant's title.

Judgment affirmed.

The other Justices concurred.