HOOKER v. BOND.[1]

1. TAXES—CONSTITUTIONAL LAW.
Certain objections to the constitutionality of the tax law of 1893 are overruled upon the authority of *Ball* v. *Ridge Copper Co., ante,* 7.

2. SAME—VALIDITY OF SALE—IRREGULARITIES.
Under former decisions, a tax sale is not void because—
(1) No demand was made for the payment of the tax, nor effort made to collect the same from personal property.
(2) The land was not assessed to the owner.
(3) No order *pro confesso* was entered.
(4) The decree was not entered in the record book of decrees, did not contain a description of the property, and was not enrolled.

3. SAME—DECREE—TIME OF ENTRY—DIRECTORY PROVISIONS OF STATUTE.
The provision of section 66 of the tax law of 1893, that decree shall be rendered "at least 10 days prior to the time fixed for the sale," is directory merely, a failure to observe which does not invalidate the proceeding.

4. SAME—CURATIVE PROVISIONS.
Furthermore, such a defect is clearly within the curative provision of the act (section 99).

5. SAME—TAX RECORD—APPEAL—OBJECTIONS NOT RAISED BELOW.
An objection that a certified copy of the decree in a tax proceeding was not annexed to the tax record, as required by section 67 of the tax law, will be disregarded on appeal, where the fact is not clearly shown by the record, and the objection does not appear to have been raised in the court below.

Appeal from Wayne; Donovan, J. Submitted June 7, 1898. Decided September 27, 1898.

Petition by Joseph Hooker against William G. Bond, Estella C. Murgittroyd, and Elanson S. Murgittroyd, for

[1] Rehearing denied June 28, 1899.

a writ of assistance under a tax deed. From an order denying the writ, petitioner appeals. Reversed.

*Charles C. Stewart*, for petitioner.

*Albert J. Chapman*, for respondents.

GRANT, C. J. The petitioner, Joseph Hooker, presented his petition to the court below for a writ of assistance under a tax deed issued to him for delinquent taxes for the year 1892. The court denied the writ. The defendant Estella C. Murgittroyd is the owner of the original title. The validity of the proceedings under which petitioner obtained his deed is attacked for the following reasons:

1. The tax law of 1893 is unconstitutional, in that it permits landowners to be deprived of their property without due process of law.
2. The provision authorizing the issuance of the writ of assistance is void.
3. No demand for the payment of the taxes was made of the person liable to pay them.
4. The property was not assessed to the owner.
5. The collector did not seize and sell personal property to pay the tax.
6. No order *pro confesso* was ever entered.
7. No decree was made and entered of record in the proper book in the office of the register in chancery.
8. The decree does not contain a description of the property.
9. No certified copy of the decree was annexed to the tax record in the county treasurer's office.
10. The decree was not enrolled.
11. The decree was not rendered 10 days before the day fixed for the sale.

The first and second objections are disposed of by *Ball* v. *Ridge Copper Co.*, *ante*, 7. All the other objections, except the eleventh and ninth, are controlled by former decisions of this court. *Muirhead* v. *Sands*, 111 Mich. 487; *Auditor General* v. *Sparrow*, 116 Mich. 574; *Mersereau* v. *Miller*, 112 Mich. 103; *Jenkinson* v. *Auditor General*, 104 Mich. 37; *Iron Star Co.* v. *Wehse*, 117

Mich. 487; *Hochgraef* v. *Hendrie*, 66 Mich. 560.   All
of these objections relate to questions over which the
court in the tax proceeding had jurisdiction, and are fore-
closed by that decree.   The only way in which the de-
fendant owner could have contested them was by appear-
ing in that case, or, within the time provided, filing her
petition to open the decree.

The statute clothes the court of chancery with general
jurisdiction over these proceedings.   It does not lose juris-
diction by the failure of any officer to perform the acts
imposed upon him within the time fixed by the law, unless
the taxpayer is deprived of some right, or unless the law,
by negative language, prohibits the doing of the act at any
other time.   It should clearly appear that the act was
mandatory; otherwise it will be held directory.   If the
taxpayer is not injured by the failure of the officer to act
within the time prescribed, the failure does not render the
decree and sale void.   Justice COOLEY states the rule as
follows:

"The fixing of an exact time for the doing of an act is
only directory, where it is not fixed for the purpose of
giving the party a hearing, or for any other purpose im-
portant to him."   Cooley, Tax'n (2d Ed.), 289.

This rule is supported by Black, Interp. Laws, § 126;
End. Interp. Stat. §§ 431, 436; 1 Blackw. Tax Titles, §
468; *People* v. *Doe*, 1 Mich. 451; *Sibley* v. *Smith*, 2
Mich. 486.

Where a statute required venires for grand jurors to be
issued at least 40 days before the second Monday of Sep-
tember, a venire issued in less than 40 days was held valid,
it being in season for service by the officer.   *State* v.
*Smith*, 67 Me. 328.

A similar question was before the Supreme Court of the
United States, involving the tax law of the Territory of Ari-
zona, and it was held that the object of these provisions as
to time was to secure prompt action, but that the court
would not lose jurisdiction to enter a decree by failing

to act within the time prescribed. The court in that case say:

"But, inasmuch as this proceeding is one in a court of general jurisdiction, it would require very precise and prohibitory language in the statute in order to withhold from that court the ordinary functions and powers of such a tribunal, among which is not only the right, but the duty, of giving such full consideration to all questions presented as its judgment determines is necessary. No such prohibitory language is found. The purposes and intention of the act are the collection of taxes, but only of such taxes as ought to be collected, and judicial determination is invoked to determine what taxes are justly due; and that the court takes time for the examination and consideration of this question does not oust it of jurisdiction." *Maish* v. *Territory of Arizona*, 164 U. S. 599.

Moreover, this is one of the defects expressly cured by the statute that "no sale shall be held invalid on account of any irregularity, informality, omission, or want of any matter of form or substance in any proceeding that does not prejudice the property rights of the person whose property is taxed." Act No. 206, Pub. Acts 1893, § 99.

As to the ninth objection, if counsel for defendants intended to rely upon it, he should have introduced proofs to establish it. The objection is not argued by either counsel, and is not referred to in the brief of petitioner. It is made in the brief of defendants, without any reference to the record to support it. The record contains the petition of the auditor general, the decree, and report of sale. It shows that the deputy county treasurer was a witness, and that he produced the records from the office of the county treasurer, and that he read on his cross-examination from the decree, or a copy thereof, which must have been attached to the record. We find nothing to indicate that any such point was raised in the court below. It is a fair inference from the record that a copy of the decree was attached. If defendants claimed that it was void, they should have introduced it in evidence and made it a part of the record.

We are compelled to hold that the tax deed is valid, and that the petitioner was entitled to his writ of assistance.

The learned counsel for the defendants severely attacked the officers for their carelessness and neglect of duty evidenced by the record in this case. It may be conceded that his criticism is deserved. This court has frequently spoken plainly upon this subject. But this does not excuse the taxpayer. This property had been Mr. Bond's homestead for many years. The title was in his first wife, who died some years ago, leaving one heir, the defendant Estella C. Murgittroyd. The tax was not paid, and it does not appear that any of the parties interested made any attempt to pay it.

The order of the court below will be reversed, and the court directed to issue the writ of assistance. The costs of both courts are awarded petitioner.

The other Justices concurred.