BARNUM *v.* BARNES.

1. TAX SALES—SUFFICIENCY OF PETITION.

A proceeding for the sale of land delinquent for taxes was found to have been based upon a petition forming a part of the tax record in the county treasurer's office, rather than upon an incomplete instrument found among the files in the office of the register in chancery.

2. SAME—DECREE—DESCRIPTION OF LANDS.

The decree in a tax proceeding, as recorded, need not contain a description of the lands to be sold; the statute (Act No. 206, Pub. Acts 1893, § 67) contemplating that the tax record, with its entries, shall be considered a part of the decree by reference.

3. SAME—REPORT OF SALE—SUFFICIENCY.

A county treasurer's report of a tax sale, filed with the county clerk, may refer to the tax record for the particulars of the sale, and need not set forth the same in full. *Jenison* v. *Conklin*, 114 Mich. 9, followed.

4. SAME—DECREE—TIME OF ENTRY.

A tax sale is not void because 10 days did not intervene between the date of the decree and the date of sale. *Hooker* v. *Bond*, *ante*, 255, followed.

5. SAME—WANT OF ENROLLMENT.

Nor is it void because the proceedings were not enrolled; 2

How. Stat. §§ 6648, 6649, and Chancery Rule No. 24, not being applicable to such a case.

6. SAME—SALE TO STATE—VALIDITY.

Under section 70 of the tax law, it is not necessary that the sale should be kept open for 20 days before bidding off the land to the State, but it is sufficient if, on being reoffered before the close of the sale, it is found impossible to sell the land for the amount of the tax.

7. SAME—VOID SALE—REMEDIES.

Whether the validity of a tax sale can be questioned by petition in the main case after the rights of third parties have intervened, or whether the proper remedy is by bill of review, —*quære.*

Appeal from Van Buren; Buck, J. Submitted June 8, 1898. Decided September 27, 1898.

Petition by Isaac E. Barnum against Arthur E. Barnes and the auditor general to set aside a tax sale. From a decree dismissing the petition, petitioner appeals. Affirmed.

*E. A. & Robert B. Crane,* for petitioner.

*Williams & Williams,* for defendant Barnes.

*James E. Chandler,* for the auditor general.

HOOKER, J. The petitioner is a mortgagee of the premises in question, which were sold for the tax of 1893, under a decree of the circuit court on petition of the auditor general. The purchaser sold to Barnes, who has appeared by solicitors in this proceeding.

The petition is filed to open the decree entered in the proceedings instituted by the auditor general, under which the sale was made, and allow the petitioner to defend against the tax, upon several grounds set up in the petition. The circuit judge denied the prayer of the petition. The jurisdiction of the circuit court is attacked upon the ground that a sufficient petition was not filed by the auditor general. The decree is said to be defective, in that

it fails to describe any lands to be sold, and because it was not made 10 days prior to the time fixed by law for the sale; also because the county treasurer never made and filed with the clerk a report of sale. It also prays that the sale be set aside because made without enrollment of the case, and because the land was sold on the first day of the sale to the State, instead of offering it from day to day for 20 days.

To prove his case, the petitioner offered in evidence the files found in the office of the register in chancery, who testified that they were all of the files that he found in his office. Among these was a petition, and counsel for the petitioner insist that this must be assumed to be the petition filed in the case, and argue, among other things, that it appears to have been filed one day after the order of publication was made. On the other hand, counsel for the auditor general asserts·that this writing was a copy, and was attached to the order of publication. On consulting the original return, we find a printed order signed by the circuit judge, followed by the petition, in the same type, with a memorandum to the printer to print both, which is required by section 66 of the law. Act No. 206, Pub. Acts 1893. It would seem to follow that this cannot be considered the original petition in the case, and we need not discuss the numerous questions raised upon the assumption that it was such.

The record also contains a petition which seems to conform to section 61. It was in book form, containing a list of the lands alleged to be delinquent, and bears the evidence of filing signed by the register. It appears to have been produced from the county treasurer's office. We are satisfied of its identity and sufficiency as the original petition in the case. *Mersereau* v. *Miller*, 112 Mich. 103.

The decree is said to be void because as recorded it does not contain the descriptions of lands ordered to be sold. The statute (section 67) prescribes the form of the decree, and clearly indicates that the tax record, with its

entries, shall be considered a part of the decree by reference, and as clearly that it was not intended that this record or any part of it should be recorded.

The report of sale was valid under the decision in the case of *Jenison* v. *Conklin*, 114 Mich. 9.

The decree was not made 10 days before the sale, but that does not preclude a sale at the usual time. The point is ruled by *Hooker* v. *Bond, ante,* 255.

It is also contended that the cause was not enrolled, and argued that this is necessary, under the general statute and rule, to the validity of a sale. The statute prescribes a time for the sale to take place, which precludes the application of 2 How. Stat. §§ 6648, 6649. Chancery Rule No. 24 cannot overrule the tax law, which provides when deeds may issue. *Hochgraef* v. *Hendrie,* 66 Mich. 561.

We cannot sustain the claim that the sale must be kept open 20 days before selling the land to the State. It is enough if, on being reoffered before the close of the sale, it is found impossible to sell the land for the amount of the tax during the sale.

It is contended that this is not a proper proceeding, after land has been deeded by the State, and conveyed by the purchaser to Barnes; that he is not a party to the record; and that a bill of review is the proper practice. We have not found it necessary to intimate an opinion upon that question.

The order of the circuit court in chancery is affirmed, with costs.

The other Justices concurred.